## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Danny Salazar-Ruiz, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  24-4052-DDC-GEB |
| | ) |
| Jeff Cox and the 17th Judicial Circuit | ) |
| Cass County, Missouri | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court to consider Plaintiff's purported request seeking leave to amend to add additional claims and parties (ECF No. 78). Upon thorough review, the Court **DENIES (ECF No. 78) without prejudice** for failure to comply with the Federal Rules of Civil Procedure regarding leave to amend and joinder of claims and parties.

**I.      Procedural Background**

On June 11, 2024, Plaintiff filed his original complaint against Defendants Judge Jeff Cox, Ben Butler, Jessica Gieseke, and the 17th Judicial Circuit of Cass County, Missouri alleging violations of his constitutional rights as a result of a criminal trespass case brought against him in Cass County, Missouri. On December 13, 2024, the District Judge dismissed both Ben Butler and Jessica Gieseke from this case without prejudice, leaving Judge Jeff Cox and the 17th Judicial Circuit of Cass County, Missouri as remaining Defendants.

1

On February 4, 2025, after past Status Conferences to discuss perfecting service on all Defendants, the Court held a Status Conference with the parties to determine how Plaintiff planned to proceed with the remaining Defendants. During that conference, Plaintiff orally confirmed he was aware Judge Jeff Cox was deceased and he intended his action to be against Judge Jeff Cox's employer, the 17th Judicial Circuit of Cass County, MO. The Court then ordered Plaintiff to perfect the docket to reflect the appropriate style of his case no later than February 14, 2025 (ECF No. 79).

While Plaintiff did not file a stipulation of dismissal or an amended complaint removing Judge Jeff Cox, deceased from the action, on February 4, 2025, he filed this 28-page document, which is painstakingly difficult for this Court to discern. Nevertheless, upon review, it appears Plaintiff's request seeks to add three causes of action: 1) of failure to release unemployment benefits; 2) for violations of the Americans Against Disabilities Act; and 3) for violations of the Equal Pay Act, not found in the original Complaint.[1] Defendants did not respond to Plaintiff's request.

## II. Plaintiff's Request to Add Parties and New Claims (ECF No. 78)

With no response in opposition, (ECF No. 78), the request, is seemingly now ripe for determination. The difficulty in addressing Plaintiff's request is two-fold: 1) the Court is unable to discern, although entered on the electronic docket in that fashion, whether Plaintiff's pleading should be construed as a Motion Seeking Leave to Amend, and 2) the basis for amendment pursuant to applicable law. It should be noted, Plaintiff is past his

---

[1] ECF No. 78 at 10-17.

deadline to amend the complaint as a matter of course, so the opposing party's written consent or the Court's leave is required to amend per Fed R. Civ. P. 15(a).

Technically, since there is no response to Plaintiff's filing, the Court could grant the Plaintiff's request as unopposed. However, here the Court is not inclined to do so where the filing, in its' text, is not titled as a motion and is outside the requirements of Fed. R. Civ. P. 15, likely causing confusion for Defendants on the merits of a response. Thus, to the extent this filing is intended to be a pro se request for Leave to Amend, the Court analyzes the request under Fed. R. Civ. P. 15 and denies the Motion without prejudice for failure to abide by the Federal Rules regarding amendment and the joinder of claims and parties.

### A. Rules of Amendment and Joinder

In order to add claims not raised in the original complaint, a plaintiff must file an amended complaint.[2] An amended complaint completely supersedes the original complaint, and it must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint. Any claims not included in the amended complaint shall not be considered. D. Kan. Local Rules require any plaintiff who wishes to amend a complaint to file a motion seeking leave to amend with an attached copy of the proposed amended complaint.[3] Here, since Plaintiff is well outside of the deadline to amend

---

[2] *See* Fed. R. Civ. P. 15.
[3] *See* D. Kan. Rule 15.1(a) ("A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the [local rules governing motion practice].")

3

his original pleading as a matter of right, he failed to provide a procedurally correct Motion Seeking Leave to Amend. Where Plaintiff failed to provide a statement of the amendment or leave sought and did not include all of the claims present in his original complaint, the Court cannot entertain Plaintiff's added claims and parties in this suit pursuant to Fed. R. Civ. P. 15.[4]

However, because Plaintiff's request involves parties, claims, and events outside of the allegations in the original complaint, the Court will further consider the rules of joinder of claims and parties. That said, amendments to a complaint must also comply with the Federal Rules of Civil Procedure that govern joinder of claims and parties.[5] Fed. R. Civ. P. 18(a) governs joinder of claims and provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." But Rule 18(a) must be read together with the other provisions of joinder. Fed. R. Civ. P. 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> "(2) Defendants. Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

---

[4] *See Justice v. Brownback,* No. 16-3215-DDC, 2018 WL 6065247, at *5 (D. Kan. Nov. 20, 2018) (denying amendment where plaintiff's motions add entirely different factual and legal questions that do not arise from plaintiff's underlying claim).
[5] *Blevins v. Werholtz*, No. 09-3033-SAC, 2009 WL 539913, at *6 (D. Kan. Mar. 4, 2009); *Menefee v. Werholtz*, No. 08-3314-SAC, 2009 WL 311108, at *6 (D. Kan. Feb. 9, 2009) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In other words, a plaintiff may name more than one defendant in a multiple claim lawsuit, but only if the claims against all defendants arose out of the same incident or incidents and involves a common factual or legal question.

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, he still must abide by the Federal Rules of Civil Procedure in all pleadings. While joinder is generally encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."[7] Under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."[8] Where there is misjoinder of claims or parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party.[9]

**B.    Analysis**

Contrary to Rules 18(a) and 20(a)(2), Plaintiff's proposed Amended Complaint adds new claims and Defendants not shown to be connected to Plaintiff's original claim for violations of his constitutional rights because of a criminal trespass case brought against him in Cass County, Missouri. In Plaintiff's request (ECF No. 78), he in essence is asking for relief: 1) against the Kansas Department of Labor who failed to release his

---

[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D. Kan. 2001) (citation omitted).
[8] *Justice*, 2018 WL 6065247, at *4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).
[9] *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

unemployment benefits; 2) against his former employer and two supervisors for violations of the Americans Against Disabilities Act; and 3) against his former employer for violations of the Equal Pay Act. These purported causes of action are not found in the original complaint.[10] Factually, Plaintiff alleges he was employed at Next Link, LLC when he was terminated for taking unapproved time off.[11] He claims he has since filed for unemployment weekly and been denied unemployment benefits by the Kansas Department of Labor.[12] He therefore requests the Kansas Department of Labor release unemployment benefits to him.[13] Plaintiff also alleges his former employer, Next Link, LLC, and the supervisors he worked with, Anthony Johnson and Mason Mills, discriminated against him under the American Disabilities Act by writing him up and ultimately terminating him for taking excessive time off when they were aware of his "mental handicaps that propel him into panic attacks."[14] Lastly, Plaintiff alleges his former employer, Next Link, LLC, violated the Equal Pay Act by paying their "climbers" dissimilar pay based on location.[15]

Plaintiff's claims are factually and legally unrelated to the civil rights violations already raised against Judge Jeff Cox and the 17th Judicial District of Cass County, MO in the original complaint. The original complaint arises out of an action for criminal trespass in the 17th Judicial District of Cass County, MO against Plaintiff and the alleged constitutional violations that occurred to Plaintiff as a result (ECF No. 1). The original

---

[10] ECF No. 78 at 10-17.
[11] ECF No. 78 at 16.
[12] *Id*.
[13] *Id*.
[14] *Id*. at 12-13.
[15] *Id*. at 17.

complaint does not state any claims of failure to pay out unemployment benefits, disability employment discrimination, or equal pay violations based on Plaintiff's employment and subsequent termination at Next Link, LLC.

To permit Plaintiff to proceed in this single action on unrelated claims against different Defendants, that should be litigated in separate actions, would allow him to avoid paying the filing fees required for separate actions. This would be contrary to the precedent in this District pursuant to Fed. R. Civ. P. 18(a), and Fed. R. Civ. P. 20(a)(2) regarding addition of unrelated claims and parties.[16] Thus, the Court denies Plaintiff's request to amend his original complaint (ECF No. 78) without prejudice.

## III.   Conclusion

Where Plaintiff seeks to add three causes of action: 1) of failure to release unemployment benefits; 2) for violations of the Americans Against Disabilities Act; and 3) for violations of the Equal Pay Act, not found in the original complaint, the Court finds these claims are wholly unrelated to the original complaint (ECF No. 1). Plaintiff, in his pro se status, remains obligated to abide by the Federal Rules of Civil Procedure governing amendment and the joinder of claims and parties. The Court finds Plaintiff's proposed Amended Complaint fails to abide by the provisions of Fed. R. Civ. P. 18(a) and Fed. R.

---

[16] *See Smith v. Kirby*, 53 Fed. Appx. 14, 16 (10th Cir. 2002) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court...."); *see also Lowery v. Leavenworth Cnty. Sheriff's Dep't*, No. 21-3125-SAC, 2021 WL 1945870, at *2 (D. Kan. May 14, 2021); *McLemore v. Saline County Sheriff's Office*, 2016 WL 3522048, *3-5 (D. Kan. June 28, 2016) (denying joinder of claims not related to original complaint).

Civ. P. 20(a)(2) and it would be contrary to the precedent in this District to allow Plaintiff to amend and bring wholly unrelated claims and parties to this suit, without the payment of the filing fee for separate litigation. The Court therefore **DENIES the request for Leave to Amend (ECF No. 78) without prejudice**.

**IT IS SO ORDERED**

Dated March 24, 2025 at Wichita, Kansas.

_s/ Gwynne E. Birzer_
GWYNNE E. BIRZER
U.S. Magistrate Judge
