IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANNY SALAZAR-RUIZ,** | |
| Plaintiff, | Case No. 24-4052-DDC-GEB |
| v. | |
| **JEFF COX, et al.,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Danny Salazar-Ruiz[1] was arrested in Cass County, Missouri on charges of trespass. After the prosecutor dropped the charges, plaintiff sued four defendants, asserting a variety of claims. All are difficult to follow. But the court has construed plaintiff's claims as constitutional ones under 42 U.S.C. § 1983. Doc. 56 at 5–6. And the court previously dismissed two defendants. *Id.* at 25–26. Now the court addresses plaintiff's claims against the remaining two defendants: Judge Jeff Cox and Missouri's 17th Judicial Circuit. The court starts with Judge Cox.

Plaintiff filed this action in June 2024. Doc. 1. And the Rules of Civil Procedure give a plaintiff 90 days to serve defendants. Fed. R. Civ. P. 4(m). Plaintiff didn't meet this deadline to serve Judge Cox. Noticing this failure, the United States Magistrate Judge ordered plaintiff to serve Judge Cox by December 19, 2024—a generous extended deadline. Doc. 98 at 3. After

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

that order, the Magistrate Judge learned that Judge Cox had passed away on January 5, 2024—six months before plaintiff filed this case. *Id.* The Magistrate Judge reports that, based on hearings with plaintiff, plaintiff knows that Judge Cox is deceased, but nonetheless hasn't amended his Complaint, substituted an appropriate party, or voluntarily dismissed Judge Cox. *Id.* at 4.

Given plaintiff's many failures on this front, the Magistrate Judge issued a Report and Recommendation, recommending that this court dismiss Judge Cox from this case for failing to serve timely as required by Fed. R. Civ. P. 4(m), failure to substitute an appropriate party, and failure to prosecute under Fed. R. Civ. P. 41(b). *Id.* at 4–5. The Report and Recommendation gave plaintiff notice of the right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[2] *Id.* at 1. The Report and Recommendation also explained that, to secure appellate review, plaintiff must file any objections within the 14-day period. *Id.*

Plaintiff has not filed any objection. And so the court now can accept, adopt, and affirm the Report and Recommendation. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected). Having reviewed the Report and Recommendation, the court determines that its analysis and conclusions are sound. The court thus adopts the

---

[2]   Plaintiff is a registered pro se participant who receives ECF notifications, Doc. 3, so service of the Report and Recommendation was accomplished upon filing, Fed. R. Civ. P. 5(b)(2)(E).

recommendation and dismisses plaintiff's claims against Judge Cox with prejudice[3] for failure to serve timely and failure to prosecute.

That conclusion leaves just one defendant in the case: the 17th Judicial Circuit for the State of Missouri, which the court will refer to as the Circuit Court. The court, on its own, raises the issue of the Circuit Court's sovereign immunity. *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 531 (10th Cir. 2022) ("[A] district court may properly raise and resolve the sovereign immunity issue sua sponte where judicially noticeable evidence clearly resolves an entity's arm-of-the-state status and entitlement to sovereign immunity." (quotation cleaned up)). The court already has hinted that sovereign immunity applies in this case, Doc. 56 at 21, and, as explained below, now holds that sovereign immunity applies to the Circuit Court.

The Eleventh Amendment explicitly provides that states are immune from suit brought by a citizen of another state: "The Judicial power of the United States shall not be construed to

---

[3]   The court agrees with the Magistrate Judge that dismissal with prejudice is appropriate here. The court has considered the five relevant factors that govern such a dismissal: "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). And the court acknowledges that dismissal with prejudice is an extreme sanction. But many months ago, the Magistrate Judge warned plaintiff that he risked dismissal when she ordered plaintiff to show cause for his failure to serve Judge Cox. Doc. 36. And the Magistrate Judge conducted a show cause hearing, where plaintiff admitted he knew Judge Cox has passed away. Doc. 98 at 4. The Magistrate Judge then gave plaintiff months to address this shortcoming. But he failed to do so.

Indeed, plaintiff's behavior throughout this litigation has been borderline vexatious—he filed a "Notice of Federal Tax Lien" against Judge Cox despite acknowledging that Judge Cox had passed away. Doc. 83. And plaintiff's throw-spaghetti-at-the-wall litigation tactic of filing dozens of incomprehensible documents has exhausted the court's patience. Plaintiff proceeds pro se, but his pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court thus agrees that dismissing with prejudice is appropriate here. True, plaintiff's tactics can't have caused any prejudice to Judge Cox. But plaintiff has interfered with the judicial process, is culpable for his own vexatiousness, and received warnings. And a lesser sanction would not work; plaintiff needs to understand that his case against Judge Cox has concluded.

extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Derived from this language 'is the privilege of the sovereign not to be sued without its consent.'" *Hennessey*, 53 F.4th at 527 (quoting *Va. Off. of Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011)). An arm of the state can take advantage of the state's sovereign immunity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1268 (10th Cir. 2005). And sovereign immunity deprives the court of subject matter jurisdiction. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). A state may waive its sovereign immunity. *Stewart*, 563 U.S. at 253–54. And Congress may abrogate a state's sovereign immunity. *Id.* "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 254.

Here, the Circuit Court is entitled to sovereign immunity. It is well established that Missouri's "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Cir. Ct. of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) (citing *Harris v. Mo. Ct. of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986)) (affirming dismissal of Circuit Court of Jackson County); *see also* Mo. Rev. Stat. § 537.600 (enumerating instances where Missouri expressly waives sovereign immunity). That's so because "Missouri Circuit Courts . . . are arms of the state of Missouri." *Davis v. Sixteenth Jud. Cir. Ct.*, No. 16-00024-CV-W-GAF, 2017 WL 11471683, at *2 (W.D. Mo. Nov. 15, 2017); *see also McKlintic v. 36th Jud. Cir. Ct.*, 508 F.3d 875, 877 (8th Cir. 2007) (affirming dismissal of Family Medical Leave Act Claim against Missouri's 36th Judicial Circuit Court on sovereign immunity grounds); *King v. Prob. Div., Cir. Ct.*, 958 S.W.2d 92, 93–94 (Mo. Ct. App. 1997) (affirming grant of sovereign immunity to Missouri circuit court).

Neither waiver nor abrogation can hoist plaintiff's claims over the sovereign-immunity wall. Missouri hasn't waived its immunity for claims like plaintiff's. *See generally* Mo. Rev. Stat. § 537.600. And Congress didn't abrogate the states' sovereign immunity when it enacted § 1983. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). The court thus dismisses plaintiff's claims against the Circuit Court without prejudice[4] for lack of subject matter jurisdiction.[5] And so it denies the Circuit Court's Motion to Dismiss (Doc. 57) as moot.

In sum, the court has dismissed the only two remaining defendants in this action. This conclusion renders plaintiff's "Motion for Judgment in Favor of the Defendant" (Doc. 112) moot. The court thus denies that motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer on February 28, 2025 (Doc. 98) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** defendant Judge Jeff Cox is dismissed from this action with prejudice.

**IT IS FURTHER ORDERED THAT** defendant 17th Judicial Circuit, Cass County, Missouri is dismissed from this action without prejudice.

---

[4] A "dismissal on sovereign immunity grounds . . . must be without prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

[5] The court declines to construe plaintiff's claims against the Circuit Court as claims against any individual. True, in places, plaintiff's papers use the word "Clerk" to refer to this defendant. Doc. 1 at 2. But plaintiff since has clarified to the Magistrate Judge that he means to sue the Circuit Court itself. Doc. 98 at 3. And so, plaintiff's claims don't qualify for the *Ex Parte Young* exception to Eleventh Amendment immunity because, to qualify, a plaintiff must "su[e] state officials rather than the state itself[.]" *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).

**IT IS FURTHER ORDERED THAT** defendant 17th Judicial Circuit, Cass County, Missouri's Motion to Dismiss (Doc. 57) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff Danny Salazar-Ruiz's "Motion for Judgment in Favor of the Defendant" (Doc. 112) is denied as moot. Since these rulings—combined with other, earlier rulings—resolve all claims against all defendants, the court directs the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

**Dated this 3rd day of September, 2025, at Kansas City, Kansas.**

                                             **s/ Daniel D. Crabtree**
                                             **Daniel D. Crabtree**
                                             **United States District Judge**